IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**DEIDRE LEAN MARIANO**                                                                                          **PLAINTIFF**

V.                                            **CASE NO. 5:17-CV-05011**

**CORRECT CARE SOLUTIONS, LLC**                                                                        **DEFENDANT**

## OPINION AND ORDER

This is a civil rights case filed by the Plaintiff, Deidre Lean Mariano, under the provisions of 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis* and *pro se.* Currently before the Court is Defendant Correct Care Solutions, LLC's ("CCS") Motion to Dismiss (Doc. 15), pursuant to Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I. BACKGROUND

In her Complaint, Plaintiff alleges that her constitutional rights were violated due to wrongful conviction and due to unconstitutional conditions of confinement at Northwest Arkansas Community Correction Center ("NWACCC"). The case was previously before the Honorable James M. Moody, Jr., United States District Court Judge for the Eastern District of Arkansas. Judge Moody dismissed all claims and defendants except CCS and then transferred the matter to this Court. *See* Doc. 6. The Court has reviewed the Complaint (Doc. 2) and Supplement to the Complaint (Doc. 12), and finds that no factual allegations are stated against CCS.

## II. LEGAL STANDARD

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under

Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal*,556 U.S. 662, 678 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" *Id.* at 594. The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)), or a reasonable inference that the "defendant is liable for the misconduct alleged," *Iqbal*, 556 U.S. at 678; *see also Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) (pro se complaints are to be liberally construed, but must allege sufficient facts to support the claims).

### III. DISCUSSION

Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the defendant acted under color of state law and violated a right of the plaintiff's that is secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir. 1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

Here, the Plaintiff's Complaint alleges that while she was confined at the NWACCC, she was unable to climb stairs or work for long periods of time due to a disability, and the

2

facility failed to accommodate that disability. In particular, she claims that certain group therapy meetings and religious services held at the NWACCC were inaccessible to her, due to her physical restrictions. In addition, she maintains that NWACC personnel forced her to work under conditions that were unsupported by her medical restrictions. As previously noted, the Complaint fails to explain how CCS—a medical provider that contracts with the NWACCC to provide medical care to inmates—violated Plaintiff's constitutional rights. CCS's Motion to Dismiss will be granted.

## IV. CONCLUSION

**IT IS ORDERED** that Defendant Correct Care Solutions, LLC's Motion to Dismiss (Doc. 15) is **GRANTED**, and all claims against it are **DISMISSED WITHOUT PREJUDICE** pursuant to Rule 12(b)(6).

**IT IS SO ORDERED** on this 17th day of July, 2017.

TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE